UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID LIBREROS,

        Plaintiff,

   - against -

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE
ROBERT MCCORMICK, and "JOHN DOE"
POLICE OFFICERS employed by the New York
City Police Department 102nd Precinct,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-4800 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff brings this action under 42 U.S.C. § 1983 and New York state law, against the City of New York, the New York City Police Department, Detective Robert McCormick and a number of unnamed police officers alleging false arrest, intentional infliction of emotional distress and negligent hiring and retention. Presently before the Court is a motion to dismiss submitted on behalf of defendants City of New York and Detective McCormick. For the following reasons, defendants' motion to dismiss is GRANTED and all of plaintiff's claims are DISMISSED.

**BACKGROUND**

    The following facts are taken from the complaint and are deemed true for the purposes of this motion. On September 24, 2007, plaintiff David Libreros was arrested by defendant Detective Robert McCormick and other officers from the New York City Police Department's 102nd Precinct after an informant connected him to a drive-by shooting that occurred on August 5, 2007. (Compl. (Doc. No. 1) ¶¶ 23-26.) Plaintiff was charged with assault in the first and second degree and criminal possession of a weapon in the second degree. (*Id.* ¶ 26.) He was

arraigned the following day and sent to Rikers Island. (*Id.* ¶¶ 27-29.) He remained incarcerated for approximately three months prior to his release. (*Id.*) On April 3, 2008, plaintiff agreed to an Adjournment in Contemplation of Dismissal ("ACD") pursuant to New York Criminal Procedure Law § 170.55. (*Id.* ¶ 41.) And on October 2, 2008, all charges were dismissed. (*Id.* ¶ 42.)

On October 3, 2011, plaintiff filed the complaint in this action, alleging false arrest pursuant to federal and state law, and respondeat superior, intentional infliction of emotional distress, and negligent hiring and retention under state law. (*Id.* ¶¶ 49-80.) By letter dated January 3, 2012, defendants City of New York and Detective McCormick requested a pre-motion conference regarding a proposed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6.) That day, the Court ordered plaintiff to respond to defendants' request by January 17, 2012. (Order, entered Jan. 3, 2012.) Plaintiff filed no response.

On January 25, 2012, defendants submitted a second letter requesting the Court dismiss plaintiff's claims. (Doc. No. 7.) On February 28, 2012, the Court, again, ordered plaintiff to respond to defendants' pre-motion conference request. (Order, entered Feb. 28, 2012.) The order warned plaintiff that should he fail to timely reply, this Court would: (1) consider defendants' pre-motion conference request to constitute a fully-briefed letter motion to dismiss; and (2) consider dismissing this action not only on the merits of defendants' letter, but for failure to prosecute this action. (*Id.*) Plaintiff again filed no response.

Therefore, the Court will now consider defendant's letter to constitute a fully-briefed letter motion to dismiss and decide it accordingly. *See Mitchell v. City of N.Y.*, No. 10 Civ. 4121(PKC), 2011 WL 1899718, at *1 (S.D.N.Y. May 13, 2011) (considering and granting an

unopposed 12(b)(6) motion after plaintiff missed deadline to respond); *Richardson v. Darden*, No. 07 Civ. 6594(BSJ), 2009 WL 414045, at *1 (S.D.N.Y. Feb. 17, 2009) (considering and granting an unopposed 12(b)(6) motion where plaintiff failed to respond after court warning) *Johnson v. N.Y.*, 256 F. Supp. 2d 186, 187 (S.D.N.Y. 2003) (same). It is important to note, however, that plaintiff's failure to respond to the motion to dismiss does not automatically warrant dismissal of the complaint, *see, e.g.*, *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000), and the Court has given careful consideration to the merits of defendants' motion. Nevertheless, for the following reasons, plaintiff's complaint is dismissed in its entirety.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). As required by Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a motion to dismiss must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris*, 572 F.3d at 71 (citation omitted). A complaint need not contain " 'detailed factual allegations,' " but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

3

suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007)).

## DISCUSSION

### I. Plaintiff's Claim under 42 U.S.C. § 1983

Primarily, defendants argue that plaintiff's § 1983 claim is time-barred because he failed to file within three years of its accrual. The Court agrees.

The statute of limitations for a claim of false arrest under 42 U.S.C. § 1983 arising from conduct occurring in New York is three years. *Owens v. Okure*, 488 U.S. 235, 250-51 (1989); *Guerrier v. Quillian*, No. 10 Civ. 9453(CM), 2011 Wl 4916295, at *2-3 (S.D.N.Y. Oct. 14, 2011). The accrual date for such a cause of action is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a false arrest claim accrues when the false arrest ends. *Id.* at 388-90. A false arrest ends once an arrestee "becomes held pursuant to legal process - - when, for example, he is bound over by a magistrate or arraigned on charges." *Id.*; *see also Lynch v. Suffolk Cnty. Police Dep't, Inc.*, 348 Fed. App'x 672, 675 (2d Cir. 2009); *Joe v. Moe*, No. 10 Civ. 4417(RJS), 2011 WL 2416882, at *3 (S.D.N.Y. Jun. 1, 2011).

Here, plaintiff alleges that he was arrested on September 24, 2007. (Compl. ¶ 26.) He was arraigned and remanded to Rikers Island the next day. (Compl. ¶ 27.) Thus, the limitations

4

period commenced on September 25, 2007, and the federal false arrest claim expired three years later, on September 25, 2010. Plaintiff filed his complaint on October 3, 2011, over a year after the limitations period expired. Plaintiff's complaint offers no grounds to justifying tolling the statute of limitations or otherwise excusing the lateness of his filing. Accordingly, plaintiff's federal false arrest claim is time-barred and must be dismissed.[1]

## II.     Plaintiff's State Law Claims

Having dismissed plaintiff's only federal claim, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims, and dismisses all state law claims without prejudice. 28 U.S.C. § 1367; *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

## CONCLUSION

For the above reasons, defendants' motion to dismiss (Doc. No. 6) is GRANTED. Plaintiff's complaint is DISMISSED. The Clerk of Court is directed to enter judgment accordingly, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
       May 18, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] Although the present motion is made only on behalf of the City of New York and Detective McCormick, because plaintiff's § 1983 claim is equally time barred as to all defendants, the Court will *sua sponte* dismiss plaintiff's § 1983 claim in its entirety. Plaintiff has been on notice of the issue since January 3, 2012, and was warned by the Court that it might dismiss this entire action on the merits of defendants' letter motion on February 28, 2012. (Doc. No. 6; Order, entered Feb. 28, 2012); *see also Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (affirming district court's dismissal of claim against defendant who neither answered nor moved for dismissal since plaintiff was on notice from motion of other defendants); *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n.6 (2d Cir. 1990) ("[S]ua sponte dismissal of the complaint with respect to [non-moving defendant] is appropriate here, because the issues concerning [non-moving defendant] are substantially the same as those concerning the other defendants, and [plaintiff] had notice and a full opportunity to make out his claim.").